IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: _____

| | |
|---|---|
| JOSEPH and CAROLE TURSO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **COMPLAINT** |
| vs. ) | **(Jury Trial Demanded** |
| ) | |
| INSTALLS, LLC, BCB INSTALLERS, ) | |
| LLC and ALLSTATE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

Plaintiffs, Joseph and Carole Turso, by their attorneys, respectfully assert their claim against the above-named defendants and allege as follows:

## THE PARTIES

1. Plaintiffs, Joseph and Carole Turso, ("the Tursos") are residents of Mecklenburg County, North Carolina who reside at 5516 Challis View Lane, Charlotte, NC ("the Tursos' House").

2. Defendant Installs Inc., LLC is a limited liability company incorporated in Delaware with a principal place of business in a State other than North Carolina and at all relevant times was in the business of installing consumer appliances. Its registered agent for service of process is United Corporate Services located at 176 Mine Lake Court, Ste. 100, Raleigh NC, 27615-6417.

3. Defendant BCB Installers, LLC is a limited liability company registered to do business in South Carolina and at all relevant times was in the business of installing consumer appliances. BCB Installers, LLC is located at 2984 Starnes Dr., Rock Hill, SC 29730-7131 and

whose registered agent for service of process is William Brooks located at 1 Howard St., Rock Hill, South Carolina, 29730.

4. Defendant Allstate Insurance Company ("Allstate") is an insurance company authorized to issue insurance policies in North Carolina organized in State other than North Carolina and with a principal place of business at 3075 Sanders Rd, Suite H1E Northbrook, IL 60062. Pursuant to the General Statutes of North Carolina, service of process may be made on the Insurance Commissioner of North Carolina and at its principal place of business above.

5. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as the Plaintiffs and the Defendants are diverse from one another and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest. Venue is proper in this Court as the causes of actions arose out of transaction that occurred in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

6. On or about December 22, 2015 the Tursos purchased various consumer appliances from hhgregg including a wall oven. As part of the purchase price, hhgregg agreed to install the wall oven at the Turso's House.

7. hhgregg hired defendant Installs, who in turn hired defendant BCB Installers to install the wall oven at the Turso's House.

8. As a result of the improper installation of the wall oven, substantial damage was caused to various components of the kitchen and the kitchen cabinets in the Turso's House.

9. At all times relevant herein, Allstate insured BCB Installers during the time BCB Installers performed the installation at the Turso's House.

## COUNT I
## BREACH OF CONTRACT
### (Plaintiffs v. Allstate)

10. Plaintiffs incorporate paragraphs 1-9 as if fully set forth here at length.

11. Allstate agreed with the Tursos to reimburse them the amount of the repair costs based on an estimate prepared by the contractor chosen by Allstate. Attached here as Exhibit 1 is the written confirmation of the agreement between Allstate and the Tursos.

12. The contractor chosen by Allstate, Emergency Restoration Xperts prepared an estimate in the amount of $78,394.53 which was sent to Allstate so Allstate could reimburse the Tursos for the amount of the estimate.

13. Allstate has not to complied with its agreement to reimburse the Tursos in accordance with its agreement.

14. As a direct and proximate result of Allstate's breach of contract, the plaintiffs sustained substantial damages in excess of $75,000.00.

## COUNT II
## UNFAIR TRADE PRACTICES
### (Plaintiffs v. Allstate)

15. Plaintiffs incorporate paragraphs 1-9 as if fully set forth here at length.

16. Allstate as the BCB Installer's liability insurer investigated the circumstances surrounding the damage allegedly caused by its insured.

17. As a result of its investigation, Allstate knew of the nature, extent, and cause of the damage suffered by the Tursos.

18. As a result of the dispute between Allstate and the Tursos regarding the extent of the damages caused by its insured, BCB Installers, Allstate agreed to pay the amount of the damages determined by a contractor chosen by Allstate.

3

19. The contractor chosen by Allstate prepared an estimate of the damages suffered by the Tursos and the estimate was sent to Allstate for payment.

20. Allstate has unfairly and in bad faith failed to comply with its agreement to pay the Tursos the amount of the estimated damage determined by its chosen contractor.

21. The violations the laws of the State of North Carolina committed by Allstate include, but are not limited to, N.C. Gen. § 58-63-15 (11), which constitute unfair and deceptive trade practices in the State of North Carolina and also violate Chapter 75 of the North Carolina General Statutes. These violations include but are not limited the following:

   a. Failing to act fairly and honestly towards the Plaintiffs;

   b. Failing to act in good faith to abide the agreement it entered into with the Plaintiffs;

   c. Making material misrepresentation to Plaintiffs for the purpose of and with the intent of affecting a settlement on less favorable terms than those commensurate with the damage sustained by the Plaintiffs; and

   d. Failing to undertake the Plaintiffs' claim with dispatch and due diligence in achieving a proper resolution of the Plaintiffs' claim.

22. Due to the acts and omissions of Allstate, which constitute unfair and deceptive trade practices, Plaintiffs have been damaged by Allstate in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and further, Plaintiffs are entitled to recover treble damages from Allstate pursuant to N.C. Gen. Stat. § 75-16, in an amount three (3) times the amount of the actual loss, costs, and attorneys' fees.

## COUNT III
## NEGLIGENCE
### (Plaintiffs v. Installs and BCB Installers)

23. Plaintiffs incorporate paragraphs 1-9 as if fully set forth here at length.

24. Defendants Installers LLC, and BCB Installers were, at all relevant times described herein, acting as agents of each other and their acts or omissions were performed within the scope of their respective agency on behalf of the other defendants on whose behalf they were acting.

25. Defendants and each of them, negligently performed the installation of the wall oven in the following respects:

    a. improperly removed the existing support for the new oven;

    b. improperly installed the new oven by failing to provide adequate support;

    c. failed to follow proper construction techniques in performing the work it was tasked to do; and

    d. negligence at law.

26. As a direct and proximate result of the defendants' negligence as described above, the plaintiffs sustained substantial damage to their kitchen requiring repairs that cost in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

WHEREFORE, Plaintiffs respectfully seek relief as follows:

1. Judgement in an amount in excess of $75,000.00 according to the proof at trial along with interest and costs as permitted by law.

2. Trial by jury.

3. Any and all other relief to which Plaintiffs may be entitled.

This 26th day of June, 2018.

                                        GOLDSTEIN LAW PLLC

                                        _____

                                        Jay M. Goldstein, Esquire
                                        NC Bar No.: 22721
                                        6805 Morrison Boulevard, Suite 470
                                        Charlotte, NC 28211
                                        Phone: 704-910-2680
                                        Email: jmgoldstein@jmgoldsteinlaw.com
                                        *Counsel for Plaintiffs*