IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV339-GCM

| | |
|---|---|
| JOSEPH AND CAROLE TURSO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| INSTALLS, LLC, BCB INSTALLERS, ) | |
| LLC, AND ALLSTATE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Defendant Allstate Insurance Company's ("Allstate") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiffs purchased a wall oven from retailer hhgregg. As part of the purchase price, hhgregg agreed to install the wall oven at the Plaintiffs' house. Defendant Installs, LLC was hired to install the new appliance and in turn, it hired Defendant BCB Installers, LLC ("BCB") to install the wall oven. Allstate insured BCB during the time BCB performed the installation at the Plaintiffs' home. Plaintiffs allege that as a result of the improper installation of the wall oven, substantial damage was caused to various components of their kitchen and the kitchen cabinets.

As BCB's liability insurer, Allstate investigated the circumstances surrounding the damage allegedly caused by its insured. A dispute arose between Allstate and the Plaintiffs as to the extent of the damages caused by BCB. In an effort to resolve the dispute, an insurance adjuster for Allstate proposed that a local contractor with whom Allstate had worked in the past

1

would write an estimate to repair the alleged damage and the contractor's estimate would be the amount paid. In response, Plaintiffs', through their counsel, indicated a willingness to accept Allstate's proposal, if Plaintiffs were "not bound to use [the] contractor [and are not] bound by the estimate provided by Allstate's contractor." (Doc. No. 1-1 at p. 2). The insurance adjuster agreed to those conditions. (*Id*. at p. 3).

The local contractor prepared an estimate in the amount of $78,394.53. Allstate has refused to pay this amount. Plaintiffs filed this lawsuit asserting claims of breach of contract and violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA").

**DISCUSSION**

A plaintiff fails to state a claim on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court must accept the plaintiff's well-pleaded factual allegations as true, the Court need not assume the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss." *Doe v. Va. Dep't. of State Police*, 713 F.3d 745, 754 (4th Cir. 2013) (quoting *Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043, 1080 (9th Cir. 2010)).

Plaintiff's breach of contract claim is based upon the agreement between Plaintiffs and Allstate that Allstate would pay the amount of the estimate prepared by the local contractor. Allstate argues that there was no valid contract because there was no consideration.

For there to be a valid contract, there must be an offer, acceptance, and consideration. *See Kinesis Adver., Inc. v. Hill*, 652 S.E.2d 284, 292 (N.C. Ct. App. 2007). According to Plaintiffs, the valid contract between Plaintiffs and Allstate was that Allstate would pay the estimate prepared by a local contractor for the damages to Plaintiffs' house. However, Plaintiffs' counsel made clear in discussing the terms of any proposed agreement with Allstate that Plaintiffs would not "be bound by the estimate provided by Allstate's contractor." (Doc. No. 1-1 at p. 2). In other words, Plaintiffs were to be able to unilaterally decide whether or not the estimate was binding. If the estimate were unfavorable, Plaintiffs would refuse to be bound by the estimate. On the other hand, if the Plaintiffs found the estimate favorable, they would insist it was binding.

Plaintiffs' position makes any consideration for the alleged contract illusory, at best. *See McLamb v. T.P., Inc.*, 619 S.E.2d 577, 581 (N.C. Ct. App. 2005) ("our courts have held that consideration which may be withdrawn on a whim is illusory consideration which is insufficient to support a contract."); *Bowman v. Hill*, 262 S.E.2d 376, 377 (N.C. Ct. App. 1979) ("An apparent promise which, according to its terms, makes performance optional with the promisor no matter what may happen, or no matter what course of conduct in other respects he may pursue, is in fact no promise. Such an expression is often called an illusory promise.").

Plaintiffs argue that the legal consideration provided to Allstate was the Plaintiffs' permission to allow Allstate's approved contractor to inspect their house so the contractor could prepare an estimate. Plaintiffs argue that they were under no obligation to permit Allstate's contractor to inspect the damage. By agreeing to do something they were not required to do,

Plaintiffs contend that they provided legal consideration. The Court disagrees. Simply allowing a contractor to enter one's home to prepare an estimate is not valid consideration when Plaintiffs retained the unilateral option to accept or reject the local contractor's estimate. Accordingly, Plaintiffs' breach of contract claim fails.

The Court next turns to Plaintiffs' UDTPA claim. This claim is based upon N.C. Gen. Stat. § 58-63-15 (11) which sets forth conduct in the insurance business that constitutes unfair and deceptive trade practices under the UDTPA. Defendant argues that Plaintiffs cannot maintain a direct claim for violations of the UDTPA as Plaintiffs are third parties to the applicable Allstate insurance contract.

It is well-established in North Carolina that claims for violations of the UDTPA cannot be asserted by a third-party claimant against the insurer of an adverse party. *See Craven v. Demidovich*, 615 S.E.2d 722, 724 (N.C. Ct. App. 2005) (dismissal of complaint was appropriate because North Carolina does not recognize a claim for either bad faith or unfair and deceptive trade practices against the insurance company of an adverse party); *Anderson v. Lancaster Aviation, Inc.*, 220 F. Supp. 2d 524, 530 (M.D.N.C. 2002) (Court granted motion to dismiss unfair and deceptive trade practices claim because North Carolina does not recognize such third party claims). The Plaintiffs point out an exception to this general rule when a claimant is in privity with an insurer. *See Murray v. Nationwide Mutual Ins. Co*., 472 S.E. 2d 358 (N.C. Ct. App. 1996) (plaintiff must either allege that he is an insured or in privity with the insurer to state a claim under the UDTPA). Plaintiffs claim that they are in privity with Allstate by virtue of their alleged contract with Allstate. However, as explained above, there is no valid contract between Plaintiffs and Allstate. Accordingly, this claim likewise fails.

IT IS THEREFORE ORDERED that Defendant Allstate's Motion to Dismiss is hereby GRANTED.

Signed: November 26, 2018

Graham C. Mullen
United States District Judge