IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:18-cv-339-GCM

| | |
|---|---|
| JOSEPH AND CAROLE TURSO, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| INSTALLS, LLC, BCB INSTALLERS, LLC, AND ALLSTATE INSURANCE COMPANY, | ) |
| Defendants | ) |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE A REQUEST FOR THE COURT TO DIRECT THE ENTRY OF FINAL JUDGMENT IN DEFENDANT ALSTATE INSURANCE COMPANY'S FAVOR**

Plaintiffs, Joseph and Carole Truso, through undersigned counsel, respectfully move the Court, pursuant to Federal Rule of Civil Procedure, Rule 54(b) to reconsider its Order granting Defendant Allstate Insurance Company's Motion to Dismiss. (Doc. No. 21). The Court dismissed Plaintiffs' breach of contract claim against Defendant Allstate Insurance Company for a failure of consideration. (Doc. No. 21 at pp. 2-4).

Alternatively, Plaintiffs move the Court to direct entry of final judgment in Defendant Allstate Insurance Company's favor on the basis that the Court's Order dismissing Defendant Allstate Insurance Company was dispositive and that "there is no just reason for delay" of entry of final judgment on the adjudicated claims within the meaning of Rule 54(b).

**FACTUAL BACKGROUND**

Plaintiffs purchased a wall oven from retailer hhgregg. As part of the purchase price, hhgregg agreed to install the wall oven at the Plaintiffs' house. Defendant Installs, LLC was hired to install the new appliance and in turn, it hired Defendant BCB Installers, LLC ("BCB") to install the wall oven. Allstate insured BCB during the time BCB performed the installation at the Plaintiffs' home. Plaintiffs allege that as a result of the improper installation of the wall oven, substantial damage was caused to various components of their kitchen and the kitchen cabinets. Order dated November 27, 2018 (Doc. No. 21 at p.1).

As BCB's liability insurer, Allstate investigated the circumstances surrounding the damage allegedly caused by its insured. A dispute arose between Allstate and the Plaintiffs as to the extent of the damages caused by BCB. In an effort to resolve the dispute, an insurance adjuster for Allstate proposed that a local contractor with whom Allstate had worked in the past would write an estimate to repair the alleged damage and the contractor's estimate would be the amount paid. (*Id.* at p.1-2).

Plaintiffs' agreed to allow Allstate to have its approved contractor inspect the plaintiffs' house so Allstate's contractor could prepare an estimate of the repair costs. Plaintiffs were under no legal obligation to permit Allstate's approved contractor to enter their home to inspect the damage. Plaintiffs' through their counsel, accepted Allstate's proposal to allow Allstate's approved contractor to inspect the damage and prepare an estimate. Plaintiffs also advised the Allstate adjuster Plaintiffs were "not bound to use [the] contractor [and are not] bound by the estimate provided by Allstate's contractor." (Doc. No. 1-1 at p. 2). The insurance adjuster agreed to those conditions. ( Doc. No. 1-1 at p. 3).

2

**ARGUMENT**

The Court's Order dismissing the breach of contract claim against Allstate is an interlocutory order as opposed to a final judgment concluding the action since there are still claims pending against two other defendants. Therefore, reconsideration of the Court's ruling is properly brought under Fed. R. Civ. P. 54(b). *See, e.g., Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* No. 3:09-CV-220-GCM, 2010 WL 3212030, *1 (W.D.N.C. Aug. 12, 2010) (setting forth standards for granting motions for reconsideration of interlocutory orders; also noting that such motions are "'not subject to the strict standards applicable to motions for reconsideration of a final judgment'") (quoting Am. *Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir.2003)). Rule 54(b) provides that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment.

As this Court stated in *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*:

> It is well settled that a district court should reconsider its prior interlocutory order only where (1) there has been an intervening change in controlling law, (2) there is additional evidence not previously available, or (3) the prior decision was based on clear error or will work a manifest injustice. (citations omitted)

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.* at *5.

Plaintiffs respectfully submit the decision of the Court was based on clear error when it found that the agreement between Plaintiffs and Allstate was not supported by "legal consideration." The Court's error was concluding that the contract was not supported by valid consideration. In this respect, the Court found, without citation to a single North Carolina case defining "legal consideration," that:

> Simply allowing a contractor to enter one's home to prepare an estimate is not valid consideration when Plaintiffs retained the unilateral option to accept or reject the local contractor's estimate.

3

Doc. No. 21 at p. 4.

> Legal consideration is defined in North Carolina as follows:
>
> It may be stated as a general rule that 'consideration' in the sense the term is used in legal parlance, as affecting the enforceability of simple contracts, consists of some benefit or advantage to the promisor, *or* some loss or detriment to the promisee. *Exum v. Lynch*, 188 N.C. 392, 125 S.E. 15; *Cherokee County v. Meroney*, 173 N.C. 653, 92 S.E. 616; *Institute v. Mebane*, 165 N.C. 644, 81 S.E. 1020; *Findly v. Ray*, 50 N.C. 125. It has been held that 'there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.' 17 C.J.S. 426. *Spencer v. Bynum*, 169 N.C. 119, 85 S.E. 216; *Basketeria Stores v. Indemnity Co.*, 204 N.C. 537, 168 S.E. 822; *Grubb v. Motor Co.*, 209 N.C. 88,183 S.E. 730; *Stonestreet v. Oil Co.*, 226 N.C. 261, 37 S.E. 2d 676; *Bank v. Harrington*, 205 N.C. 244, 170 S.E. 916.

*Carolina Helicopter Corp. v. Cutter Realty Co.,* 263 N.C. 139, 147, 139 S.E.2d 362, 368 (1964.)

The Court's error was its decision whether the consideration supporting the contract was valid when the case law clearly holds that it for the parties to decide whether the consideration offered and accepted is adequate:

> [T]he parties to a contract are the judges of the adequacy of the consideration. 'The slightest consideration is sufficient to support the most onerous obligation, the inadequacy, ... is for the parties to consider at the time of making the agreement, not for the court when it is sought to be enforced.'" *Hejl v. Hood, Hargett & Associates, Inc.,* 196 N.C.App. 299, 305, 674 S.E.2d 425 (2009), *quoting Catawba Valley Machinery Co. v. Aetna Ins. Co.,* 13 N.C. App. 85, 90-91, 185 S.E.2d 308 (1971), *disc. rev. denied*, 280 N.C. 302, 186 S.E.2d 176 (1972) (other citations omitted). Where the "parties have dealt at arms length and contracted, the Court cannot relieve one of them because the contract has proven to be a hard one." *Bald Head Island Utils., Inc. v. Village of Bald Head Island,* 165 N.C.App. 701, 704, 599 S.E.2d 98 (2004) (citation omitted).

*Dove Air, Inc. v. Florida Aircraft Sales, LLC,* 2011 U.S. Dist. LEXIS, 88611 at *40-41 (W.D.N.C. Aug. 9, 2011).

There is no dispute that Plaintiffs were under no obligation to permit Allstate's contractor to inspect the damage and Allstate obtained a benefit by having the opportunity to have one of its approve contractors inspect the damage. By agreeing to do something they were not required to

4

do, Plaintiffs provided legal consideration as that term is defined by the law in North Carolina. Regardless of whether the Court believed there was valid consideration, it was for the parties to decide whether there was consideration supporting the agreement no matter how slight it might be. Clearly, Allstate's adjuster clearly believed Allstate was receiving a benefit that it otherwise would not be entitled to receive.

Moreover, the Court's finding that the contract was illusory based on its finding that "Plaintiffs retained the unilateral option to accept or reject the local contractor's estimate[.]" (Doc. No. 21 at p.4) was also error. Allstate's adjuster never requested that the Plaintiffs agree to accept the amount of the estimate prepared by Allstate's contractor. Given the dispute between Allstate and the Plaintiffs over the amount of damages allegedly caused by Allstate's insured, Allstate believed it beneficial to have one of its approved contractors to inspect the damage. As evident from the Allstate adjuster's email agreeing to move forward with its proposal, the Allstate adjuster did not request the Plaintiffs agree to be bound by the estimate prepared by Allstate's approved contractor. *See* Doc. No. 1-1 (Exhibit 1 attached to Plaintiffs' Complaint).

For these reasons, Plaintiffs request that the Court reconsider its Order granting Allstate's motion to dismiss and deny Allstate's motion to dismiss.

In the alternative, Plaintiffs request that pursuant to Rule 54 (b), the Court direct the entry of final judgment against Allstate. Rule 54 (b) provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

This Court's determination of whether to certify a judgment as final under Rule 54(b) involves two steps. First, the Court must determine whether the judgment is final with respect to the relevant claims or parties. *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7,

5

100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). A judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S. Ct. 895, 100 L. Ed. 1297 (1956)). Second, the Court must determine whether there is any "just reason for delay" in entering judgment. *Id.* at 8. The Court should consider "judicial administrative interests as well as the equities involved." *Id.*

The Fourth Circuit has identified several factors the Court should address, if applicable, when determining whether there is just reason for delay in the entry of judgment: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *See Braswell Shipyards v. Beazer E., Inc.,* 2 F. 3d 1331, 1335-1336 (4th Cir. 1993).

The circumstances here meet the factors described by the Court in *Braswell, supra.* Although this case will proceed against the two remaining defendants, the claims asserted Allstate are totally separate and independent from the remaining claims against Defendants Installs an BCB Installs. The dismissal of the claims against Allstate is an "ultimate" disposition of the claims asserted against Allstate. Because the claims against Allstate are separate and distinct from the unresolved claims pending against the remaining two defendants, there is little likelihood that appellate review at this stage would be mooted by future developments in the adjudication of the remining claims against the other defendants. Also, no appellate court would have to decide the

6

same issues more than once even if there were subsequent appeals from the adjudication of the claims against the other two defendants. Finally, there are no claims or counterclaims which could result in a set-off against the judgment sought to be made final.

There is no just reason for delay for the Court directing the entry of a final judgment in favor of Allstate because the factors identified in *Braswell* clearly weigh in favor of doing so.

For the reasons set forth above, plaintiffs respectfully request the Court reconsider its Order granting Allstate's motion to dismiss and deny Allstate's motion to dismiss on the basis that there was valid consideration supporting the agreement between the Plaintiffs and Allstate; or in the alternative, grant Plaintiffs request that pursuant to Rule 54 (b), the Court direct the entry of final judgment against Allstate.

This the 3rd day of December, 2018.

Respectfully submitted,

GOLDSTEIN LAW PLLC

/s/ Jay M. Goldstein
Jay M. Goldstein, Esquire
NC Bar No.: 22721
6805 Morrison Boulevard, Suite 470
Charlotte, NC 28211
Phone: 704-910-2680
Email: jgoldstein@goldsteinlaw.com
*Counsel for Plaintiffs*