IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV339-GCM

| | |
|---|---|
| JOSEPH AND CAROLE TURSO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| INSTALLS, LLC, BCB INSTALLERS, ) | |
| LLC, AND ALLSTATE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff's Motion for Reconsideration of Order Granting Defendant Allstate Insurance Company's Motion to Dismiss Or, in the Alternative, a Request for the Court to Direct the Entry of Final Judgment in Defendant Allstate Insurance Company's Favor. (Doc. 22). This motion is fully briefed and ripe for disposition.

Plaintiffs seek the Court's reconsideration of its Order dismissing Plaintiffs' beach of contract claim against Allstate. Reconsideration is only appropriate where (1) there has been an intervening change in controlling law; (2) there is additional evidence not previously available; or (3) the prior decision was based on clear error or will work a manifest injustice. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 2010 WL 3212030, * 1 (W.D.N.C. Aug. 10, 2010). Plaintiffs argue that the Court's decision that the breach of contract claim failed for lack of consideration constituted "clear error." However, to demonstrate "clear error" Plaintiffs reiterated the same arguments they made in opposition to Allstate's Motion to Dismiss. "[A] motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a 'better or more compelling argument that the party could have presented in the

1

original briefs' on the matter." *Hinton v. Henderson*, 2011 WL 2142799, * 1 (W.D.N.C. May 31, 2011) quoting *Madison River Mgmt. Co. v. Bus. Mgmt Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) (internal citations omitted). Plaintiffs have not presented any new law or new evidence, and the repeating of their same arguments does not demonstrate "clear error." Accordingly, the Court will deny the motion for reconsideration.

Plaintiffs move in the alternative pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to have the Court enter final judgment against Allstate so that they may immediately appeal. In considering this motion, the Court must determine if there is any "just reason for delay" in entering a final judgment. Factors for the Court to consider are: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *See Braswell Shipyards v. Beazer E., Inc.*, 2 F.3d 1331, 1335-1336 (4th Cir. 1993).

This lawsuit is ostensibly to reimburse Plaintiffs for any alleged damage caused to the components of their kitchen. That is exactly what will occur when the case is decided against the two remaining defendants, Defendants Installs and BCB. A trier of fact will come to an ultimate conclusion as to the amount of damages suffered by Plaintiffs and they will be awarded that amount of damages. The direct claims against Allstate should thereafter become moot. Further, if the claims against Allstate continued for some reason, Allstate would be entitled to an offset of the amount paid to Plaintiffs by

Defendant Installs and Defendant BCB for the very same alleged damages. Accordingly, the Court finds that there is a just reason for delay in final judgment, and denies Plaintiffs' alternative motion.

    IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Order Granting Defendant Allstate Insurance Company's Motion to Dismiss Or, in the Alternative, a Request for the Court to Direct the Entry of Final Judgment in Defendant Allstate Insurance Company's Favor (Doc. 22) is hereby DENIED.

Signed: January 10, 2019

Graham C. Mullen
United States District Judge